IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND
AT BALTIMORE

| | | |
|---|---|---|
| In re: | ) | Case No. 13-26171 |
| | ) | Chapter 13 |
| RIKER JUNIOR MCKENZIE, JR., | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RIKER JUNIOR MCKENZIE, JR., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
UNITED STATES' MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The United States of America moves this Court pursuant to 11 U.S.C. § 362(d)(1) and (2) for relief from the automatic stay imposed under 11 U.S.C. § 362(a) to continue collecting the funds subject to an ongoing garnishment. Because the debtor has not provided adequate protection for the United States' interest in the garnished funds, the debtor has no equity in the funds, and the funds are not necessary for the debtor's reorganization, the United States' motion should be granted.

**Statement of the Case**

On January 24, 2008, the United States obtained a judgment against Riker McKenzie (the "debtor") in the amount of $121,835, plus statutory additions for trust fund recovery penalties assessed under 26 U.S.C. § 6672. *United States v. Riker (Rocky) McKenzie, et al.*, No. 1:07-cv-2317-JFM (D. Md.) (Docket No. 11 - Gov. Ex. A). The United States recorded an abstract of the

judgment with the Clerk of the Circuit Court of Baltimore County on April 18, 2008.  Gov. Ex. B.  The Internal Revenue Service recorded a Notice of Federal Tax Lien on September 1, 2004 and re-filed the notice on April 28, 2008.  Gov. Exs. B, D.

Because the debtor refused to voluntarily pay the judgment, the United States applied for a writ of continuing garnishment with respect to annual royalties paid to the debtor by the Steamship Trade Association of Baltimore, Inc., International Longshoremen's Association, Container Royalty Fund ("STA-ILA").  *United States v. Riker (Rocky) McKenzie, et al.*, No. 1:07-cv-2317-JFM (D. Md. Feb. 2, 2009) (Docket No. 13).  The garnishment order was entered and has been upheld by the District Court.  *Id.* at Docket No. 35; *Steamship Trade Association, etc. v. United States of America, et al.*, No. 1:12-cv-00974 (D. Md. July 27, 2012) (Docket No. 17).  For the past two years, the funds paid to the United States under the garnishment order were $8,352 and $8,971 respectively.  *Steamship Trade Association, etc. v. United States of America, et al.*, No. 1:12-cv-00974 (D. Md. July 27, 2012) (Docket No. 17); Gov. Ex. C.

The debtor filed a Chapter 13 petition on September 23, 2013.  Docket No. 1.  On November 4, 2013, the Internal Revenue Service filed a proof of claim for a secured claim in the amount of $99,796, a priority claim in the amount of $10,909, and a general unsecured claim in the amount of $378.  Gov. Ex. D.  On October 16, 2013, the debtor filed a Chapter 13 plan, proposing to pay only $17,000 of the United States' secured claim and $504 of the United States' priority claim. Docket No. 22.  The debtor proposed the following monthly plan payments: $595 for 24 months and $1,245 for 13 months, for a total plan base of $30,465.  Docket No. 22.

**Argument**

Under section 362(a), upon the filing of a bankruptcy petition, all collection action against the debtor is automatically stayed.  11 U.S.C. § 362(a).  However, a party in interest can

obtain relief from the stay for cause, such as that the party's interest is not adequately protected. 11 U.S.C. § 362(d)(1). Relief from the stay can also be granted if the debtor has no equity in the property and the property is not necessary for reorganization. 11 U.S.C. § 362(d)(2). The United States' secured interest in the funds subject to the garnishment order is not adequately protected, the debtor has no equity in the funds, and the funds are not necessary to the debtor's reorganization. Therefore, the United States' motion for relief from the stay should be granted, and the United States should be authorized to continue collecting the garnishment payments during the pendency of the bankruptcy proceeding.

      I.      <u>The United States' Secured Interest is not Adequately Protected</u>

Under section 362(d)(1), a court can grant relief from the automatic stay for cause, which includes a lack of adequate protection for the party's interest in property. 11 U.S.C. § 362(d)(1). The determination of what constitutes cause is left to the discretion of the courts, and should be decided considering the totality of the circumstances. *In re Neals*, 459 B.R. 612, 610 (Bankr. D.S.C. 2011), *citing*, *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992). Cause exists where the debtor failed to make payments to a secured creditor for a substantial time, regardless of whether the failure occurred pre-petition or post-petition. *In re McCullough*, 495 B.R. 692, 695 (W.D.N.C. 2013); *In re LDN Corp.*, 191 B.R. 320 324 (Bankr. E.D. Va. 1996) (finding cause can exist where failure to pay secured creditor and unsupported proposal to pay the secured debt after confirmation).

The United States should be granted relief from the stay, because its secured interest is not adequately protected. The United States' interest in the garnished funds is secured by virtue of both its tax lien and its judgment lien. Gov. Exs. B, D; 26 U.S.C. §§ 6321, 6322, 6323; 28 U.S.C. § 3201 (providing that a judgment lien is created upon filing the abstract of judgment in

the same manner as a notice of tax lien). For at least the past two years, the debtor has failed to make voluntary payments to the United States. The United States has had to resort to forced collection through the garnishment order to receive payments. This alone constitutes cause to justify granting the United States relief from the automatic stay.

Further, the debtor has not proposed to pay the United States' claim through his bankruptcy plan. Instead, he tries to pay only $17,000 of the $99,796 secured claim. Docket No. 22. He proposed a plan base of $30,465, which is less than a third of the United States' secured claim. Docket No. 22; Gov. Ex. D. Given that the debtor reported disposable income of only $595 on his schedules, it is not reasonable that he will be able to provide for the United States' claim. *See* Docket No. 18, Schedule J. Therefore, because the United States' secured interest in the garnished funds is not adequately protected, cause exists for the Court to grant the United States relief from the automatic stay.

    II.    <u>The Debtor has no Equity in the Property and the Property is not Necessary for an Effective Reorganization</u>

A party in interest can also obtain relief from the automatic stay if the debtor has no equity in the property and the property is not necessary for reorganization. 11 U.S.C. § 362(d)(2). Mere speculation is not sufficient to show that property is necessary for reorganization. *United Savs. Assoc. of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-376 (1988). Instead, the debtor must show "that the property is essential for an effective reorganization *that is in prospect*. This means … that there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'" *Id*. (emphasis in original) (internal citations omitted).

Here, the debtor has no equity in the garnished funds and the funds are not necessary for his reorganization. As of the petition date, the United States secured claim equaled roughly

$99,796, and this amount continually increases as interest is still accruing.  The past two years, the payments from STA-ILA equaled roughly $8,300 and $8,900.  Over the course of the debtor's proposed three-year plan, assuming that the payment equals the higher of the two, or $8,900, that would only equal $26,700.  Therefore, the debtor has no equity in the garnished funds.

Furthermore, the debtor cannot show that the garnished funds are essential to his reorganization, or that he has a reasonable possibility of a successful reorganization.  It is unclear if the debtor listed the annual payments from STA-ILA on his schedules.  He listed two assets related to STA-ILA, a severance and annuity he valued at $50,000 and a pension he valued at $0, based on a claim that he cannot determine the value.  Docket No. 18, Schedule B.  The debtor claimed both STA-ILA assets as exempt.  Docket No. 18, Schedule C.   Thus, the debtor has not proposed to fund his plan with the STA-ILA payments subject to the garnishment order.  He either claimed the payments as exempt or failed to list them on his schedules.  Regardless, the funds cannot be said to be essential to the debtor's reorganization, because the funds are not part of the reorganization.

Additionally, the debtor has not shown a reasonable possibility of reorganization, because his proposed plan cannot be confirmed.  Even if his entire proposed plan base of $30,465 was paid to the United States, it would fall far short of paying the United States' $110,705 secured and priority claims.  Docket No. 22; Gov. Ex. D.  The debtor's plan also fails to provide for another secured creditor's claim.  *See* Docket Nos. 22 and 29 (objection to confirmation by the secured creditor).  Based on the significant deficiencies in the debtor's proposed plan, it is unlikely that he will be able to propose a confirmable plan.  Therefore, the United States' motion

for relief from the stay should be granted, because the debtor has no equity in the garnished funds and the funds are not necessary to his reorganization.

## Conclusion

For the foregoing reasons, the United States' motion for relief from the automatic stay should be granted.

Date: November 25, 2013

                                        Respectfully submitted,

                                        KATHRYN KENEALLY
                                        Assistant Attorney General

                                        */s/ Katherine M. Reinhart*
                                        KATHERINE M. REINHART
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 227
                                        Washington, D.C.  20044
                                        202-307-6528 (v)
                                        202-514-6866 (f)
                                        Katherine.Reinhart@usdoj.gov

Of Counsel:

ROD J. ROSENSTEIN
United States Attorney