IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND
AT BALTIMORE

| | |
|---|---|
| In re: ) | Case No. 13-26171 |
| ) | Chapter 13 |
| RIKER JUNIOR MCKENZIE, JR., ) | |
| ) | |
| Debtor. ) | |
| _____) | |

**UNITED STATES' OBJECTION TO CONFIRMATION OF THE DEBTOR'S
SECOND AMENDED PLAN DATED APRIL 18, 2014**

The United States of America objects to confirmation of the debtor's second amended plan dated April 18, 2014 (Docket No. 50), because the plan does not fully provide for the United States' secured claim and is insufficiently funded to provide for the United States' secured and priority claims. In support of this objection, the United States avers as follows.

**Factual Background**

On November 4, 2013, the Internal Revenue Service filed a proof of claim for a secured claim of $99,796, a priority claim of $10,909, and a general unsecured claim of $378. Gov. Ex. A. These claims relate to the debtor's unpaid trust fund recovery penalties and his federal income tax deficiencies for tax years 2010 and 2012.

The debtor filed a second amended plan on April 18, 2014, which is the same as his first amended plan. *See* Docket Nos. 43, 50. He proposed to pay only $45,503 of the United States' secured claim (monthly payments of $827.32 for 55 months). Docket No. 50. The debtor also proposed a plan base of $59,100.

**Argument**

I.    <u>The Debtor's Plan Fails to Provide for the United States' Secured Claim</u>

The debtor's plan cannot be confirmed, because it fails to provide for the present value of the United States' secured claim as required under section 1325. 11 U.S.C. § 1325(a)(5). Under section 1325(a)(5), a secured claim must be treated in one of the following three ways for the plan to be confirmed; (1) the secured creditor accepts the plan; (2) the plan provides for distribution in the amount of the present value of the secured claim; or (3) the debtor surrenders the property securing the claim to the creditor. 11 U.S.C. § 1325(a)(5).

The debtor's plan purports to fully pay the United States' secured claim of $99,796, but in reality only provides for $45,503 of the claim by proposing to pay $827.32 a month for 55 months. The United States does not accept this amended plan.

The United States previously filed a motion to lift the automatic stay to continue collecting an ongoing garnishment, and the motion was granted. Docket Nos. 34, 46. The funds subject to the garnishment are paid annually, and for the past three years have been approximately $8,352, $8,971, and $8,300. Docket No. 34. Assuming that the payment averages to $8,500 over the 5-year plan period, the United States would collect approximately $42,500 through the garnishment. This, combined with the $45,503 provided in the plan, equals $88,003, which is still not enough to pay the United States' $99,796 secured claim.

Additionally, the plan contains no provisions to pay the secured claim if the United States is unable to collect through the garnishment; for example, if the annual payment is not made. Therefore, the plan fails to provide for the United States' secured claim and cannot be confirmed.

II.     The Debtor Will Not be Able to Make All Plan Payments

The debtor's plan cannot be confirmed because he will not be able to make all plan payments as required under section 1325(a)(6). 11 U.S.C. § 1325(a)(6). The debtor proposed a plan base of $59,100. Docket No. 50. However, he also proposed to pay $2,871 in attorney's fees, $10,909 for the United States' priority claim, $651 in arrears to Capital One, and $45,503 (not including interest) for the United States' secured claim. The total amount of claims to be paid through the plan equal at least $59,934, without accounting for interest or the remainder of the United States' secured claim. Therefore, the debtor will not be able to make all of the proposed plan payments and confirmation of the amended plan should be denied.

## Conclusion

For the foregoing reasons, the United States respectfully requests that the Court deny confirmation of the debtor's second amended plan dated April 18, 2014.

Date: April 28, 2014

                                            KATHRYN KENEALLY
                                            Assistant Attorney General

*/s/ Katherine M. Reinhart*
KATHERINE M. REINHART
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-307-6528 (v)
202-514-6866 (f)
Katherine.Reinhart@usdoj.gov

Of Counsel:

ROD J. ROSENSTEIN
United States Attorney

3

<u>CERTIFICATE OF SERVICE</u>

I certify that I filed the foregoing *United States' Objection to Confirmation of the Debtor's Second Amended Plan Dated April 18, 2014* on April 28, 2014 through the Court's CM/ECF filing system, which will automatically send electronic copies to all parties registered to receive such notice.

 <u>/s/ *Katherine M. Reinhart*</u>
KATHERINE M. REINHART
